Morgan, J.
Defendant was the administrator of the estate of Mrs. Priscilla Ambrose. Her estate consisted of a certain piece of land situate in the parish of East Feliciana, which was appraised at $1000.
Plaintiffs are heirs of Mrs. Ambrose, and- were minors when the succession of their parent was opened.
Defendant was the husband of one of the coheirs.
The administrator applied for the sale of the property belonging to the estate for the purpose of paying the debts. The order was that the property “be sold for cash, provided it brings its appraisement j and if not, that it be reoffered for sale on a credit of twelve months.”
The property was offered for sale for cash, and, no one bidding, it was immediately offered on the terms of credit designated in the order. According to the return of the sheriff “it was adjudicated to Madison Marsh, but by order of the said Marsh, it was adjudicated to Mrs. S. J. Simmons for the price of $500.”
*242 The heirs — at least these plaintiffs — now accepting the succession of their mother claim to be put in possession of the property left by her, alleging that the title thereto has never been legally divested from them; that the sale thereof was made without the observance of the formalities required by law; that the real purchaser thereof was Marsh, the administrator, and that Mrs. Simmons was a party interposed, who had no real intention of purchasing the property, but received the adjudication only as an act of friendship to Marsh.
Either of the positions assumed by plaintiffs is sufficient to strike the proceedings complained of with nullity, and they are both supported by the evidence.
The law provides that when property is offered for sale for cash, and does not bring the amount required by the statute, it shall be re-offered after a publication of fifteen days.
It is even, if possible, more explicit that administrators of estates shall not purchase property belonging to the estates which they administer, except in certain specified cases. The evidence satisfies us that Mrs. Simmons was a mere party interposed, and that in reality Marsh was the real purchaser. Under these circumstances the jury were right in decreeing that the property in question belonged to the succession of Mrs. Ambrose.
Judgment affirmed.